**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Sam DRAINE, Defendant-Appellant.**

**No. 86–7475
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 6, 1987.

Thomas M. Haas, Mobile, Ala., for defendant-appellant.

J.B. Sessions, Gloria Bedwell, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Appellant Sam Draine was indicted for engaging in a continuing criminal enterprise in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Two), unlawful distribution and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Counts Three–Six), and attempting to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (Count Seven). The government charged that Draine organized and managed the sale of marijuana from houses that he owned. Defendant was convicted by the jury on all counts except Count Seven.[1] Draine now appeals.

Draine attacks the sufficiency of the evidence supporting his conviction for engaging in a continuing criminal enterprise. To prove a continuing criminal enterprise charge, the government must establish that the defendant engaged in a continuing series of felony violations of the federal narcotics laws in concert with five or more persons under his management or supervision, and that he obtained substantial income or resources from this conduct. *United States v. Chagra*, 669 F.2d 241, 256 (5th Cir.), *cert. denied*, 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982); *United States v. Phillips*, 664 F.2d 971, 1012–1013 (5th Cir.1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *United States v. Michel*, 588 F.2d 986, 1000 (5th Cir.), *cert. denied*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979).

Appellant concedes that he acted in concert with four individuals: West, Pettaway, Ivory and his brother Johnny Draine. He argues, however, that the government did not meet its burden of showing that Draine acted in concert with a fifth person. This claim is contradicted by the record. At trial, Edward Bodden testified that he knew that West worked at Draine's house on Bay Avenue selling the suspicious "stuff in the brown envelopes." Bodden admitted delivering the money from West's sales to Draine. Bodden also testified that, at Draine's request, he delivered packages of what he thought to be marijuana to the

---

1. Count Seven was dismissed after the close of the government's case.

Bay Avenue house. Officer Terry Hicks identified Bodden as one of the individuals he saw enter the Bay Avenue house during his surveillance. He stated that Bodden left carrying a sack from the house. Betty Jean Pettaway also testified that a man named Edward who had a foreign accent delivered marijuana to the house for her to sell and picked up money to deliver back to Draine.[2] Appellant is correct that Bodden would not admit to participating knowingly in illegal activity. Nonetheless, viewing the evidence in the light most favorable to the government, we conclude that a reasonable jury could find beyond a reasonable doubt that Bodden acted in concert with Draine in the drug operation. *See United States v. Bell,* 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

■ Appellant also asserts that the government failed to establish that he realized "substantial income or resources" from his operation of a continuing criminal enterprise. The government may prove that Draine obtained substantial income or resources by direct or circumstantial evidence. *See United States v. Phillips,* 664 F.2d 971, 1035 (5th Cir.1981) 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). Here, a number of government witnesses testified that Draine frequently received deliveries of the cash proceeds from drug sales and that these cash deliveries ranged in amount from several hundred to thousands of dollars. Bank records also showed that Draine exchanged $105,000 in small bills from July through November 1984, with some of the bills directly traceable to drug buys by Officer Hicks at the Bay Street house. Searches of Draine's safe deposit boxes and houses yielded over $70,000 in cash. In addition, Draine held title to three parcels of Mobile real estate. This evidence, taken together, is sufficient to support the jury's conclusion that appellant obtained substantial income or re-

sources from his operation of a continuing criminal enterprise. *See United States v. Chagra,* 669 F.2d 241, 256–58 (5th Cir.), *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982); *United States v. Phillips,* 664 F.2d 971, 1035 (5th Cir.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *United States v. Bolts,* 558 F.2d 316, 321 (5th Cir.1977), *cert. denied,* 439 U.S. 898, 99 S.Ct. 262, 58 L.Ed.2d 246 (1978).

■ Draine further complains that the trial court erred in denying his motion for a bill of particulars. The denial of a bill of particulars rests within the sound discretion of the trial court and can be reversed only when it is established that defendant was actually surprised at trial and thus incurred prejudice to his substantial rights. *United States v. Hawkins,* 661 F.2d 436, 451–52 (5th Cir.1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2274, 73 L.Ed.2d 1287 (1982) (and cases cited therein). While the indictment in this case could have been more specific, it did list Draine's co-defendants and gave him notice of the elements of the charged offense. The government also identified potential witnesses and provided the co-defendants' statements during pretrial discovery. The record also shows that Draine's counsel capably and extensively cross-examined the government's witnesses at trial. Draine can point to no instance where he was unfairly surprised. We thus conclude that the appellant has not shown the prejudice necessary for reversible error. *See, e.g., United States v. Diecidue,* 603 F.2d 535, 563 (5th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980); *United States v. Johnson,* 575 F.2d 1347 (5th Cir.1978), *cert. denied,* 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979).

Lastly, Draine contends that 21 U.S.C. § 848 is unconstitutional as applied to this defendant. This claim is wholly without merit. This court cannot consider the head of a drug ring involving a number of hous-

---

**2.** Bodden was shown to be a citizen of Belize, and a jury could reasonably conclude that he would have an accent.

es and tens of thousands of dollars to be "a small time operator." Rather, it was just such substantial operations that we believe Congress intended to prosecute, punish and deter in passing 21 U.S.C. § 848.

AFFIRMED.